# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **ABHANC AUTOMOTIVE, LLC AND RASHMI SAHOO,**  Plaintiffs,  v.  **MEINEKE REALTY, INC.**  Defendant. | **CIVIL ACTION NO.**   3:20-cv-670  **JURY TRIAL DEMANDED** |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1332(a), Defendant Meineke Realty, Inc. ("Defendant" or "Meineke") hereby removes this action from the 160th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, as follows:

## I.
## INTRODUCTION

1. Plaintiffs filed their Original Petition and Request for Relief (the "Original Petition") on February 17, 2020, numbered and styled as *Abhanc Automotive, LLC and Rashmi Sahoo v. Meineke Realty, Inc.*, and the case was assigned to the 160th Judicial District Court of Dallas County, Case No. DC-20-02607 (the "State Court Action").

2. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action and obtained by Defendant are attached hereto and collectively marked as Exhibit "A."

1

## II.

## **TIMELINESS OF REMOVAL**

3. Removal of the State Court Action by Meineke was timely pursuant to 28 U.S.C. § 1446(b)(1), which provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

4. The State Court Action was filed on February 17, 2020, and this Notice of Removal was filed less than 30 days after the commencement of the State Court Action, meaning that removal was timely under any of the time periods enumerated in Section 1446.

## III.

## **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS, AND DEFENDANT IS NOT A "LOCAL DEFENDANT"**

5. The Original Petition alleges that Plaintiff Abhanc Automotive LLC ("Abhanc") is a limited liability company organized and existing under the laws of the State of Texas. (Original Petition ¶ 2.) As a limited liability company, Abhanc's citizenship is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The Original Petition alleges that Plaintiff Rashmi Sahoo ("Sahoo") is the 100%

owner of Abhanc, and her citizenship therefore determines the citizenship of Abhanc.

6. Sahoo alleges that she is a resident of Plano, Texas (*id.* ¶ 3), and Meineke is informed and believes and, on that basis, alleges that Sahoo maintains her domicile in the State of Texas based on the fact that Meineke and its affiliates have had a franchisor-franchisee relationship with Sahoo and Abhanc for approximately three (3) years, and Sahoo and Abhanc have owned during that time at least three automotive repair businesses in the Dallas area. (Declaration of Zachary Pfeiffer ¶¶ 3, 4.) Abhanc and Sahoo are therefore citizens of the State of Texas.

7. Defendant Meineke Realty, Inc. is a corporation organized and existing under the laws of the State of Delaware having its principal place of business in Charlotte, North Carolina. (*Id.* ¶ 2.) Meineke is therefore a citizen of the States of Delaware and North Carolina. And because Meineke is not a citizen of the State of Texas, it is not precluded by 28 U.S.C. section 1441(b)(2) from removing this action.

## IV.
## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS

8. The Original Petition alleges a single cause of action, for declaratory relief.

9. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). More specifically, "[i]n an action for declaratory relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be

prevented.'" *Hartford Insurance*, 293 F.3d at 910 (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)).

  10. The relief sought by Plaintiffs in the Original Petition is a declaration that the Real Property Sublease (the "Sublease") attached as Exhibit E to the Original Petition "is invalid, illusory and/or unenforceable." (Original Petition ¶ 54(h) and Exh. E.)

  11. Meineke disputes that Plaintiffs are entitled to any of the relief they request, but if that relief were granted it would relieve Plaintiffs of liabilities in the amount of at least $144,853.88, consisting of the following: (1) remaining base rent due under the Sublease in the amount of $116,973.96; (2) remaining CAM charges due under the Sublease in the amount of $ 9,967.09; (3) remaining real estate taxes due under the Sublease in the amount of $17,912.83. (Pfeiffer Decl. ¶ 4.)

## V.
## ADDITIONAL REQUIREMENTS

  12. Written Notice of Removal will be provided to Plaintiffs' counsel of record and filed with the District Clerk of Dallas County, Texas.

  **WHEREFORE**, Defendant hereby respectfully requests this Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid State Court Action be removed from the 160th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, the district in which the State Court Action is pending, and that this

Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendant is entitled.

                                Respectfully submitted,

Dated:  March 18, 2020          **LAW OFFICES OF LAWRENCE J. HILTON**
                                4514 Cole Avenue, Suite 500
                                Dallas, Texas 75202
                                Telephone:  (949) 502-2876

                                By:  /s/ Lawrence J. Hilton
                                    Lawrence J. Hilton
                                    Texas State Bar No. 24105017
                                    Email:  lhilton@onellp.com

                                **ATTORNEYS FOR MEINEKE REALTY, INC.**

## DECLARATION OF ZACHARY PFEIFFER

I, Zachary Pfeiffer, declare as follows:

1.     I am Corporate Counsel for Driven Brands Shared Services, LLC, which is an affiliate of Plaintiff Meineke Realty, Inc. and its affiliated entity, Meineke Franchisor SPV LLC ("Meineke").  In that capacity, I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto.

2.     Meineke Realty, Inc. is a Delaware corporation that maintains its principal place of business in Charlotte, North Carolina.

3.     Driven Brands Shared Services, LLC ("Driven Brands") provides legal and administrative support to the Driven Brands family of companies, including Meineke.  In my capacity as Corporate Counsel I am familiar with the legal files and records for Meineke.  Those files and records are maintained by employees of Driven Brands, whose job duties include maintaining the subject files and records.  The files and records are made substantially contemporaneously with the events and transactions recorded therein, and the Driven Brands family of companies, including Meineke, regularly rely on the subject files and records.

4.     I have personally reviewed the legal files and accounting records pertaining to Defendant Abhanc Automotive, LLC and its owner, Rashmi Sahoo. Driven Brands' business records show that during the past three years Mrs. Sahoo and/or her husband have operated at least three automotive repair businesses in Dallas, Plano and Carrollton, respectively.  All of those automotive repair businesses are current or former Meineke Car Care Centers.

5.     Driven Brands' business records show that the amounts remaining due under the Sublease Agreement referenced in Paragraph 54(h) of Plaintiffs' Original Petition (the "Sublease") are: (1) remaining base rent due under the Sublease in the amount of $116,973.96; (2) remaining CAM charges due under the Sublease in the

amount of $9,967.09; and (3) remaining real estate taxes due under the Sublease in the amount of $17,912.83.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of March, 2020, at Charlotte, North Carolina.

_____
Zachary Pfeiffer

## *ABHANC AUTOMOTIVE, LLC AND RASHMI SAHOO v. MEINEKE REALTY, INC.*

## INDEX OF STATE COURT DOCUMENTS

| TITLE | DATE FILED |
|---|---|
| PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR RELIEF | FEBRUARY 17, 2020 |
| DISMISSAL HEARING NOTICE | FEBRUARY 20, 2020 |
| COURT DOCKET | MARCH 18, 2020 |

## Case Information

**DC-20-02607 | ABHANC AUTOMOTIVE, LLC, et al vs. MEINEKE REALTY, INC.**

| | | |
|---|---|---|
| Case Number<br>**DC-20-02607** | Court<br>**160th District Court** | Judicial Officer<br>**REDMOND, AIESHA** |
| File Date<br>**02/17/2020** | Case Type<br>**PROPERTY** | Case Status<br>**OPEN** |

## Party

**PLAINTIFF**
ABHANC AUTOMOTIVE, LLC

Active Attorneys ▼
Lead Attorney
PATEL, KUSH
Retained

**PLAINTIFF**
SAHOO, RASHMI

Active Attorneys ▼
Lead Attorney
PATEL, KUSH
Retained

**DEFENDANT**
MEINEKE REALTY, INC.

Address
1999 BRYAN ST.
STE. 900
Dallas TX 75201

## Events and Hearings

02/17/2020 NEW CASE FILED (OCA) - CIVIL

02/17/2020 ORIGINAL PETITION ▾

ORIGINAL PETITION

04/21/2020 DISMISSAL FOR WANT OF PROSECUTION ▾

160th Dismissal

Judicial Officer
REDMOND, AIESHA

Hearing Time
3:00 PM

Comment
CASE FILED 2-17-20; DEF UNSERVED

## Financial

ABHANC AUTOMOTIVE, LLC
    Total Financial Assessment      $292.00
    Total Payments and Credits      $292.00

| | | | | |
|---|---|---|---|---|
| 2/16/2020 | Transaction Assessment | | | $292.00 |
| 2/16/2020 | CREDIT CARD - TEXFILE (DC) | Receipt # 10951-2020-DCLK | ABHANC AUTOMOTIVE, LLC | ($292.00) |

## Documents

ORIGINAL PETITION

160th Dismissal